AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) | **FILED** |
| v. ) | Feb 10 2021 |
| NATHANIEL KORDERA DICKENS ) | SUSAN Y. SOONG |
| ) Case No. 4:21-mj-70254-MAG | CLERK, U.S. DISTRICT COURT |
| ) | NORTHERN DISTRICT OF CALIFORNIA |
| ) | OAKLAND |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 30, 2020 in the county of Alameda in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm<br><br>Maximum term of imprisonment: 10 years<br>Maximum fine: $250,000 fine<br>Maximum term of supervised release: 3 years<br>Mandatory $100 special assessment<br>Forfeiture |

This criminal complaint is based on these facts:

Please see the attached affidavit of ATF Task Force Officer Enrique Lara.

☑ Continued on the attached sheet.

/s/ *Enrique Lara*
*Complainant's signature*

Approved as to form  /s/ *Michael A. Rodriguez*
AUSA Michael A. Rodriguez

Enrique Lara, ATF Task Force Officer
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d)

Date: February 10, 2021

*Virginia K. DeMarchi*
*Judge's signature*

City and state: San Jose, California

Hon. Virginia K. DeMarchi, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF ENRIQUE LARA
# IN SUPPORT OF CRIMINAL COMPLAINT

I, Enrique Lara, a Task Force Officer with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, state:

## I. INTRODUCTION

1. I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Nathaniel Kordera DICKENS for being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). For the reasons stated below, I submit that there is probable cause to believe that, on or about December 30, 2020, DICKENS possessed a firearm and ammunition in Oakland, California, which is in the Northern District of California.

## II. SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, including officers with the Oakland Housing Authority (OHA), information provided by reports prepared by other agents and law enforcement officers, and information provided by records and databases, including DICKENS' criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

**III.     AFFIANT BACKGROUND**

4.     I am a Task Force Officer (TFO) with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have served in this role since March 2017. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I was trained as a police officer at the Oakland Police Department (OPD) Academy and I am currently employed by OPD.

5.     As an ATF TFO, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I also have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; the use of undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records. I have interviewed numerous members and former members of gangs, as well as conferred with other law enforcement officers about: the slang, codes, symbols, graffiti, and dress of gang members; gang members' use of phones, email, and other methods of communication to conduct criminal activities; and gang members' use of false and fictitious identities to thwart law enforcement investigation of their activities.

**IV.     APPLICABLE LAW**

6.     Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who knows that he or she has been previously convicted of a crime punishable by imprisonment for a term exceeding

one year to knowingly possess a firearm or ammunition that has traveled in or affected interstate commerce.

## V. FACTS ESTABLISHING PROBABLE CAUSE

### A. DICKENS' Felony Convictions

7. I reviewed a criminal history report for DICKENS, which indicates that he has been convicted of at least two felonies for which he received a sentence of greater than one year in prison.

8. According to his criminal history report, in 2009 DICKENS was convicted of robbery, in violation of California Penal Code § 211, and was sentenced to eight years in prison for this offense.

9. The report also indicates that, in 2017, DICKENS was convicted for being a felon in possession of a firearm, in violation of California Penal Code § 29800(A)(1), and was sentenced to two years in prison for this offense.

### B. OHA Security Cameras Capture DICKENS in the Parking Lot of 1228 65th Avenue in Oakland on December 30, 2020

10. On December 30, 2020 at approximately 10:17 a.m., OHA security cameras located at 1228 65th Avenue in Oakland captured a silver Lexus RX350 being driven by DICKENS arrive in the parking lot of the Lockwood Gardens apartment complex. This location, also referred to as "65th Village," is known by law enforcement officers as an area with significant gang activity. The OHA security footage shows DICKENS exit the Lexus alone and walk through the parking lot until he is out of view of the camera. A short time later, DICKENS returned to the parking lot with another individual. They both entered the Lexus and DICKENS drove the vehicle out of the parking lot at approximately 10:23 a.m.

11. Less than an hour later, at approximately 11:09 a.m., the security footage captures DICKENS returning in the Lexus with the same individual. DICKENS parked the Lexus and both men exited the vehicle. The footage shows that, over the course of the next two hours, DICKENS and several other men were waiting in the parking lot.

12. DICKENS' face is clearly visible throughout much of this footage, which also captured the distinctive clothing that DICKENS was wearing at that time, including a green hooded sweatshirt underneath a blue puffer jacket and distressed jeans. Below are two screenshots from the footage showing DICKENS while he was in the parking lot. The first screenshot is from approximately 11:48 a.m., while the second screenshot was taken at approximately 12:00 p.m.





4

13. OHA personnel monitored the security footage while DICKENS and several other individuals were in the parking lot. At approximately 1:11 p.m., DICKENS was observed returning to the parked Lexus and opening the front passenger door. He appeared to remove a black duffle bag from the vehicle, and then walked away from the parking lot toward an adjacent courtyard. As shown below, at approximately 1:12 p.m. a security camera in the courtyard captured DICKENS walking with the duffle bag. In the footage, the bag appears to be weighted down by an object inside.



14. After briefly walking through the courtyard, DICKENS turned around and walked back into the parking lot while still holding the duffle bag. A screenshot from this footage where DICKENS returned to the parking lot, taken at approximately 1:14 p.m., is provided on the following page, with DICKENS shown second from left.

LARA AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]



15. At approximately 1:14 p.m., DICKENS appears to bend down and place the duffle bag near three other men standing next to the rear passenger side of an Infinity sedan parked in the lot. The exact location of the bag is obscured by the Infinity, but the footage shows that after DICKENS bends down with the bag, he stands up again and is no longer carrying the bag in his hand. A few seconds later, another individual wearing a red shirt appears to briefly check the bag and then walks away without the bag toward another group of three men in the parking lot. In the footage, this individual does not appear to be carrying anything either before or after he appears to briefly check the bag. Based on my training and experience, I believe that the two groups of men in the footage are engaged in a transaction related to the duffle bag.

6

LARA AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

16. Because OHA personnel were actively monitoring the security camera, there are two times in the footage where the OHA camera operator pivots the angle of the camera or zooms in on different areas of parking lot. From approximately 1:16 p.m. to 1:18 p.m., the camera zooms in on another section of the parking lot and the Infinity is no longer in view. This happens again for a few seconds at 1:21 p.m.

17. At approximately 1:24 p.m., OHA officers arrived in a marked police vehicle. The OHA officers had been dispatched to the parking lot to conduct a patrol check of the area.

18. Upon the officers' arrival, DICKENS and the other men in the parking lot disbursed, leaving the black duffle bag unattended next to the Infinity. Officers checked the contents of the abandoned duffle bag and saw that inside was a Model AM-15 assault rifle made by Anderson Manufacturing. The rifle had a high-capacity 30-round magazine inserted, as well as a secondary inverted magazine attached by a magazine coupler. Both magazines were loaded with live rounds of 5.56mm ammunition, and there was a live round in the chamber of the rifle. Officers also found a ski mask inside the duffle bag. Pictures of the rifle, magazines, and ammunition are below and on the following page.



LARA AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

 

19. OHA officers recognized DICKENS from prior contacts with him. The officers conducted a search for DICKENS after discovering the contents of the duffle bag, but they were unable to locate him.

### C. Interstate Nexus

20. During my investigation of this case, I spoke to ATF Special Agent Andrew Balady, who is an interstate nexus expert, and I asked him to review photographs of the firearm and ammunition that were recovered on December 30, 2020. Special Agent Balady confirmed that the firearm and rounds of ammunitions recovered in this investigation were all manufactured outside the State of California, and therefore these items had traveled through interstate commerce before coming into DICKENS' possession in the Northern District of California on December 30, 2020.

## VI.  REQUEST TO SEAL AFFIDAVIT, CRIMINAL COMPLAINT, AND ARREST WARRANT

21. Based on my training and experience, disclosure of the existence of this affidavit, the complaint, the arrest warrant, and related documents may cause DICKENS to flee if released

from state custody and/or destroy evidence related to the ongoing investigation. I therefore request that the Court seal this affidavit, the complaint, the arrest warrant, and related documents.

## VII.   CONCLUSION

22. Based on the information set forth above, I submit that there is probable cause to believe that on or about December 30, 2020, in the Northern District of California, DICKENS committed the crime of felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*/s/Enrique Lara*
ENRIQUE LARA
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this __10__ day of February, 2021.

_____
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge